## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

KALI A'LARA COPELAND,

     Plaintiff,

v.                                No. 2:22-cv-00850-KRS

ISAIAH EDWARD HOGELAND,

     Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
## AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed November 8, 2022 ("Complaint") and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 4, filed November 8, 2022.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended

for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's gross monthly pay is $3,964.00; (ii) Plaintiff's monthly expenses total $3,517.00; and (iii) Plaintiff is left "with $100 after all other monthly expenses."  The Court finds that Plaintiff is unable to pay the costs of this proceeding because she signed an affidavit stating she is unable to pay the costs of these proceedings and her monthly expenses are approximately equal to her monthly income.

**The Complaint**

Plaintiff filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983."  Plaintiff alleges that she and Defendant agreed to rent an apartment together and moved in on August 26, 2022.  *See* Complaint at 2.  "On November 4th which was the final day to pay his portion of the rent he instead used that money to repair his car and move back to Colorado without speaking to the leasing office and taking the proper measures to break the lease." Complaint at 2.  Plaintiff seeks to have "the defendant ... pay his portion of the rent for the full term which expires September of 2023."  Complaint at 7.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists

absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir.1988).

It appears the Court should dismiss this case because Complaint does not show that Court has jurisdiction over this matter. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Although Plaintiff used the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," there are no factual allegations showing that this action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Consequently, there is no properly alleged federal question jurisdiction. There is also no properly alleged diversity jurisdiction. To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006). Plaintiff has not alleged that the amount in controversy exceeds $75,000. The Complaint indicates the monthly rent is $1,455.00 and Plaintiff seeks only Defendant's portion of the lease which ends on October 1, 2023. *See* Complaint at 4.

The Court orders Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction. If Plaintiff asserts that the Court has jurisdiction over this case, Plaintiff shall file an amended complaint alleging facts that support the Court's jurisdiction over this case.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service of Summons and Amended Complaint on Defendant at this time because the

Complaint fails to state a claim over which the Court has jurisdiction.  The Court will order service if Plaintiff files: (i) an amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides Defendant's address.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**IT IS ORDERED** that:

(i)     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 4, filed November 8, 2022, is **GRANTED.**

(ii)    Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not dismiss this case for lack of jurisdiction.  Failure to timely show cause and file an amended complaint may result in dismissal of this case.


**UNITED STATES MAGISTRATE JUDGE**