IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KALI A'LARA COPELAND,

    Plaintiff,

v.                                                                       No. 2:22-cv-00850-KG-KRS

ISAIAH EDWARD HOGELAND,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se*, filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Doc. 1, filed November 8, 2022 ("Complaint"). Plaintiff alleges that she and Defendant agreed to rent an apartment together and moved in on August 26, 2022. *See* Complaint at 2. "On November 4th which was the final day to pay his portion of the rent he instead used that money to repair his car and move back to Colorado without speaking to the leasing office and taking the proper measures to break the lease." Complaint at 2. Plaintiff seeks to have "the defendant ... pay his portion of the rent for the full term which expires September of 2023." Complaint at 7.

United States Magistrate Judge Kevin R. Sweazea notified Plaintiff:

> It appears the Court should dismiss this case because Complaint does not show that Court has jurisdiction over this matter. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Although Plaintiff used the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," there are no factual allegations showing that this action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Consequently, there is no properly alleged federal question jurisdiction. There is also no properly alleged diversity jurisdiction. To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006). Plaintiff has not alleged that the amount in controversy exceeds $75,000. The Complaint indicates

the monthly rent is $1,455.00 and Plaintiff seeks only Defendant's portion of the lease which ends on October 1, 2023. *See* Complaint at 4.

Doc. 5 at 3, filed November 14, 2022 ("Order"). Judge Sweazea ordered Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction and, if Plaintiff asserts that the Court has jurisdiction over this case, to file an amended complaint alleging facts that support the Court's jurisdiction over this case. *See* Order at 4 (notifying Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case). Plaintiff did not show cause or file an amended complaint by the December 5, 2022, deadline.

The Court dismisses this case for lack of subject-matter jurisdiction. The Complaint does not allege facts that support: (i) federal question jurisdiction pursuant to 28 U.S.C. § 1331 because there are no factual allegations showing that this action "aris[es] under the Constitution, laws, or treaties of the United States;" or (ii) diversity jurisdiction pursuant to 28 U.S.C. § 1332 because there are no factual allegations showing that the amount in controversy exceeds $75,000. Plaintiff has not filed an amended complaint or otherwise responded to Judge Sweazea's Order to show cause why the Court should not dismiss this case for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
UNITED STATES DISTRICT JUDGE